IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BEVERLY KINNAMAN                                                    PLAINTIFF

       v.                      CIVIL NO. 5:16-CV-5342

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Beverly Kinnaman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on July 31, 2014, alleging an inability to work since November 3, 2012, due to "colon, diverticulitis, irritable bowel syndrome (IBS), depression, vertigo, anxiety, and lung problems." (Tr. 66-67, 80-81, 96-97, 110-111). For DIB purposes, Plaintiff maintained insured status through December 31, 2014. (Tr. 66, 96). An administrative video hearing was held on July 29, 2015, at which Plaintiff and a vocational expert testified. (Tr. 38-63).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated September 18, 2015, the ALJ found that during the relevant time periods, Plaintiff had a severe impairments of: Musculoskeletal Disorder (other and unspecified arthropathies, knee pain); Digestive Disorder (other disorders of the gastrointestinal system, post colon resection in 2009 and laparoscopic lysis of adhesions and resection of the low rectal anastomotic stricture with coloproctostomy in 2014); Respiratory Disorder (asthma); and Mental Disorders (mood/affective disorders, depression, anxiety). (Tr. 22). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except as follows:

> claimant can frequently lift and/or carry ten pounds, and occasionally twenty pounds, push and/or pull within the limits of lifting and carrying, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant must work in a controlled environment with no dust or fumes in concentrated amounts or temperature extremes. The claimant can perform work consisting of simple tasks requiring simple instructions with only incidental contact with the public.

(Tr. 25-28). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was capable of performing past relevant work as a deli cutter slicer and a cleaner/housekeeper. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 26, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 12th day of March, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE